J-S05017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANK JERRID DORTCH | |
| Appellant | No. 1235 MDA 2016 |

Appeal from the Order Entered July 8, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-0001530-2016

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J. **FILED FEBRUARY 24, 2017**

Appellant, Frank Dortch, appeals *pro se* from the order denying his petition for return of property seized by the Commonwealth. Dortch argues that the trial court erred in concluding that the Commonwealth had met its burden in establishing that the property was contraband. We conclude that Dortch never met his burden in alleging, let alone proving, that he had lawful possession of the property at issue, and therefore the Commonwealth had no burden to establish that the property was contraband. Accordingly, we affirm.

On June 9, 2016, Dortch filed the following petition in the Court of Common Pleas of York County, which we set forth verbatim:

---

[*] Retired Senior Judge assigned to the Superior Court.

## Petition for Return of Property

On thus 29th Day of April 2016 Frank Dortch Petition for return of Property of that was not returned nor even mentioned such as but perhaps not limited to give or take Several hundred Dollars cash 1 T-mobile Cellular telephone Social Security card photo Id, Martin Memorial Library card food stamp card and insurance card that was confiscated by the York County State Police due to the following:

1).Above property was confiscated on 4-25-2016 By State Police Officer Justin Dembowski that was not returned nor even mentioned such as but perhaps not limited to give or take several hundred dollars And the acquired from income tax refund and working cash 1 T-mobile Cellular telephone Social Security card photo Id, food stamp card Martin Memorial Library card, and Insurance card to there is only a ten day deadline to petition for return of property. There was no petition for forfeiture so the property should be returned according to state a federal law plus constitutions. Pennsylvania's adapted in 1790

### *VERIFICATION*

I Frank Dortch here now verify that on this day under the penalties provided by **18 4904 Unsworn Falsification To Authorities** the averments on this forth going petition are true to the best of all my knowledge information and belief.

Dortch's signature appears at the bottom of the page.

A hearing on the petition was scheduled for July 8, 2016. At the scheduled time, the Assistant District Attorney told the trial court that his witness, State Trooper Justin Dembowski, was unable to attend and testify. However, the ADA noted that he did not request a continuance as many of Dortch's requests could be rectified without a hearing. **See** N.T., Hearing, 7/8/16, at 2.

- 2 -

The ADA stated "I know of no reason that we would need to hold on to the identification items, the cards, as long as we are able to make photcopies of them before they're returned." *Id*., at 5. The Commonwealth did object to the "return of a number of other items, including a cellphone and cash, which is our position would be both evidence in the criminal case as well as subject to forfeiture." *Id*. The trial court, without a hearing, proceeded to order the Commonwealth to "return those identification cards to you," but allowed the Commonwealth to retain possession of the cellphone and cash. *Id*., at 7.

This timely appeal followed.[1] On appeal, Dortch argues that the trial court erred in concluding that the Commonwealth had met its burden in establishing that the cell phone and cash were contraband. However, Dortch misunderstands the process his petition invoked.

Rule 588 of the Pennsylvania Rules of Criminal Procedure is dedicated to setting forth the standards and procedures to be utilized when a party seeks the return of seized property. *See Commonwealth v. Durham*, 9

---

[1] The Commonwealth argues on appeal that this appeal is interlocutory, as the trial court opined that Dortch would have "a second bite at the apple" when the Commonwealth filed a forfeiture petition. However, we conclude that the prediction of a forfeiture petition does not alter the fact that all the claims contained in Dortch's petition were disposed of in the trial court's order. It therefore qualifies as a final, appealable order. *See* Pa.R.A.P. 341. Furthermore, we note that a review of the criminal docket sheet of the charges arising from the April 25, 2016 arrest of Dortch reveals that no forfeiture petition had been filed as of January 1, 2017.

A.3d 641, 645 (Pa. Super. 2010). Under Rule 588, the moving party bears the burden of establishing by a preponderance of the evidence that he or she is entitled to possession of the property under law. *See id*. If the moving party meets that burden, the non-moving party may still defeat the motion by refuting the movant's claim to lawful possession, or by demonstrating that the property is derivative contraband. *See id*. Derivative contraband is otherwise innocent property that is directly related to criminal conduct. *See id*., at 645-646. The non-moving party bears the burden of proving the direct relation between the property and the criminal conduct. *See id*.

Here, Dortch was the moving party. He therefore bore the burden of establishing that he is entitled to possession of the property at issue. While Dortch's failure to provide evidence on this issue may be understandable, given the lack of a hearing, we conclude that he did not even sufficiently allege that he was entitled to possession of the property.

Dortch's petition, while verified, does not assert that he is entitled to possession of any of the articles at issue. Dortch's pleading requests the return of these items, but does not admit that he lawfully possessed them. This is not merely a technical misstep. Possession of items seized from a person is often a litigated issue in pre-trial motions and at trial.

The Commonwealth agreed to give him certain items, such as those relating to identification, that it did not see any need to keep. While this

- 4 -

arguably acts as a concession of Dortch's lawful possession as to those items, the Commonwealth was unwilling to return the cash and the cellphone without Dortch's sworn statement that he was entitled to possession. While the procedure employed in the trial court was unusual, we conclude that the trial court did not err in refusing to order the Commonwealth give the cell phone and cash to Dortch.

We further note that the York County Court of Common Pleas criminal docket sheets indicate that as of January 1, 2017, he is awaiting a jury trial on the charges stemming from his arrest on April 25, 2016, the date he alleges in his petition that the cell phone and cash were seized from him.

Order affirmed. Jurisdiction relinquished.

Judge Platt joins the memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2017